ANDREW BLANCK, RELATOR, v. INGHAM CIRCUIT JUDGE.

*Entry of rule to plead.*

The rule to plead should be entered before service of a copy of the declaration, but when both acts are done on the same day and within a short time, and the defendant is not misled by the omission to enter the rule until after service, he has no right to have the declaration stricken from the files.

Motion for order to show cause why a declaration should not be stricken from the files. Submitted June 15. Denied June 17.

*Waddell & Montague* and *Dennis Shields* for the motion.

*M. V. Montgomery* against.

MARSTON, C. J. This is an application for a mandamus. On the 8th day of May at two o'clock P. M., a paper purporting to be a declaration, was served upon the relator as commencement of suit under the statute. No declaration was filed or rule to plead entered in the office of the clerk of the circuit court until nine o'clock P. M. of the same day.

The service of a copy of a declaration as commencement of suit, before a rule to plead was entered, was clearly unauthorized. The question, however, arises whether this case does not come within the rule that courts will not inquire

into fractions of a day, and we are of opinion that it does. It may sometimes happen that where the declaration has been properly filed and rule to plead entered, yet owing to variation in time as kept by different individuals, and the short intervening time between the entry of the rule and service upon the defendant, disputes may arise as to which, in point of fact, was first in order. We are of opinion, therefore, that where the defendant has not been misled by reason of non-entry of the rule to plead, he has no just cause of complaint, and that it would prove seriously embarrassing to have the question raised where the time between the service and entry of the rule would be so insignificant as to injure or mislead no one. Had the defendant in this case, after service upon him, made an examination in the clerk's office, and ascertained that no rule to plead had been entered, and relied thereon, he might, should any farther steps be taken against him, then be entitled to relief. Upon such a state of facts we express no opinion.

We think the writ should be denied.

GRAVES and COOLEY, JJ. concurred.

CAMPBELL, J. I think there can be no case in court until the declaration is filed; and that notice of a filing and rule to plead which have no existence is invalid.